UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GRAEME DONALDSON,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>CALENERGY OPERATING CORPORATION, a Delaware corporation; BERKSHIRE HATHAWAY ENERGY COMPANY, an Iowa corporation,<br><br>　　　　Defendants. | Case No.: 16-CV-1246 DMS (WVG)<br><br>**JOINT DISCOVERY PLAN, FRCP RULE 26(f)**<br><br>CMC: 　　September 16, 2016<br>Time: 　　9:00 a.m.<br><br>Complaint filed: May 25, 2016<br>Trial Date: 　None Set |

Plaintiff Graeme Donaldson ("Plaintiff"), through his attorneys of record, James C. Mitchell and Daniel M. Gilleon of The Gilleon Law Firm; and Defendants CalEnergy Operating Corporation and Berkshire Hathaway Energy Company (collectively "Defendants"), through their attorneys of record, Craig A. Schloss and Aimee E. Axelrod of Jackson Lewis P.C., submit the following report and joint discovery plan:

/ / /

/ / /

1

A. The parties made the required FRCP Rule 26(a) initial disclosures on September 2, 2016.

B. The parties have exchanged settlement demands and offers, as required, that show the parties are far apart from a resolution of the case. The Early Neutral Evaluation Conference is scheduled for September 16, 2016. If the case cannot be settled then, the parties do not believe an early, prompt resolution is possible.

C. No parties remain to be served. The plaintiff does not contemplate amending the complaint. Defendants anticipate pursuing counterclaims against Plaintiff if the case does not settle at the Early Neutral Evaluation Conference and seeking to amend their Answer to Plaintiff's Complaint accordingly.

D. The parties do contemplate the need for a protective order regarding confidential information and will cooperate to reach an agreement for such an order. The parties will file a joint motion and stipulation as soon as practicable.

E. The parties contemplate no issues involving privileges.

F. The parties have discussed issues related to preservation of relevant evidence and there are no areas of disagreement.

G. The parties contemplate the need for electronic discovery by Defendants as described below and are currently working to agree on parameters and a protocol for this.

H. The parties agree that discovery will be needed on the subjects of Plaintiff's claims for alleged violation of Cal. Labor Code section 11102.5(b) and public policy by Defendants' terminating Plaintiff's employment, Plaintiff's claim to recover a penalty from defendants under Cal. Labor Code sections 1102.5(f) and 2699(a), Plaintiff's claimed damages and alleged attempts to minimize such damages, as well as the defenses and counterclaims raised by Defendants. The discovery will consist of the following:

    1. Written discovery by Plaintiff to Defendants, including interrogatories and a request to produce documents concerning Plaintiff's employment performance/history with Defendants, matters concerning the Defendants' investigation of his alleged misconduct, Defendants' terminating Plaintiff's employment and alleged

1 retaliation by Defendants for Plaintiff's engaging in protected activity under Cal. Labor Code section 1102.5(b);

2. Written discovery by Defendants to Plaintiff, including interrogatories and a request to produce documents concerning Plaintiff's alleged protected activity, his communications with his subsequent employer and potential subsequent employers, Plaintiff's prior work history and qualifications, Plaintiff's damages and alleged mitigation efforts;

3. Electronic discovery by Defendants from Plaintiff's personal computers and other electronic devices consisting of a forensic examination directed to reveal activity involving Defendants' confidential, proprietary, and trade secret information obtained during Plaintiff's employment;

4. Plaintiff plans to take the depositions of Defendants' employees William Fehrman, Joseph Moore, Rich Lovig, Burt Short, Anetha Lue, Erin Maddy, Frank Perkins, and Josh Hawk.

5. Defendants plan to take the deposition of Plaintiff, Kevin Kelley, General Manager at the Imperial Irrigation District, Plaintiff's supervisor at his subsequent employment with the Imperial Irrigation District, a person most knowledgeable for the Imperial Irrigation District, and potentially additional witnesses identified through other discovery including damages and mitigation witnesses.

I. Other than providing initial disclosures, no discovery has been taken to date and the parties contemplate no proposed limitations or modification of discovery rules, nor have they identified any potential discovery disputes.

J. Defendants contemplate filing a summary judgment motion they believe will dispose of all the plaintiff's claims.

K. After discovery is complete, private mediation may be possible.

L. Plaintiff and Defendants have demanded trial by jury. Plaintiff will agree to a magistrate judge presiding over trial, but Defendants decline.

///

**JOINT DISCOVERY PLAN, FRCP RULE 26(f)**  Case No. 16-CV-1246 DMS (WVG)

L. The parties suggest the following proposed case management dates:

1. Fact discovery cutoff: February 28, 2017;

2. Expert designations and disclosures: first exchange on January 15, 2017; second, rebuttal exchange on January 31, 2017;

3. Expert discovery cutoff: April 15, 2017;

4. Filing of dispositive motions: March 31, 2017;

5. Settlement conference, pre-trial conference and trial in June and July 2017.

Respectfully submitted,

DATED: September 9, 2016     THE GILLEON LAW FIRM

By: */s/ James C. Mitchell*
James C. Mitchell
E-Mail: jcm@mglawyers.com
Attorneys for Plaintiff
GRAEME DONALDSON

Respectfully submitted,

DATED: September 9, 2016     JACKSON LEWIS P.C.

By: */s/ Craig A. Schloss*
Craig A. Schloss
E-Mail: craig.schloss@jacksonlewis.com
Aimee E. Axelrod
E-Mail: aimee.axelrod@jacksonlewis.com
Attorneys for Defendants
CALENERGY OPERATING CORPORATION
and BERKSHIRE HATHAWAY ENERGY
COMPANY

4841-9048-9912, v. 3

4

**JOINT DISCOVERY PLAN, FRCP RULE 26(f)**     Case No. 16-CV-1246 DMS (WVG)